# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| vs. | ) | CRIMINAL ACTION |
|  | ) | NO. 11-40041-FDS |
| JOSE M. PIMENTEL, | ) | |
| Defendant, | ) | |

## DECISION ON THE DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION ORDER (Docket No. 29)
### April 27, 2012

**HILLMAN, M.J.**

### Background

Pimentel is charged in a multi-count Indictment with conspiracy to distribute heroin, in violation of 21 U.S.C. §846 (Count One); and possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1)(Count Two). At his initial appearance on the Complaint which issued in this case, the Government moved to detain Pimentel on dangerousness grounds pursuant to 18 U.S.C. §3142(f)(1)(C) (Defendant is each charged with a controlled substance violation for which the maximum penalty exceeds ten years) and on risk of flight grounds pursuant to 18 U.S.C. §3142(f)(2)(A). On October 21, 2011, after holding two hearings, I issued an Order detaining

Pimentel on the grounds that he is a danger to the community and a risk of flight[1]. *See Supp. Mem. And Dec. On The Govt's Mot. For Detention* (Docket No. 17)("*Supplemental Detention Order*").

On March 28, 2012, Pimentel filed a *Motion to Reconsider Order of Detention* (Docket No. 33). A hearing was held on the motion on April 11, 2012. The parties proceeded by way of proffer and argument.

## Prior Findings And Conclusions

See this Court's Prior *Mem. and Dec. On Probable Cause and The Govt's Mot. For Detention* (Docket No. 12) and *Supplemental Detention Order* for this Court's findings of fact relating to the underlying charges, for the law relating to the Bail Reform Act, for the Defendant's history and characteristics, and for my conclusion that Pimentel is both a danger to the community and risk of flight.

## Defendant's Motion For Reconsideration

### *Reopening the Detention Hearing*

Although titled a motion for reconsideration, Pimentel proffered additional facts and circumstances which he asserts support his contention that there are conditions which could be imposed to assure the safety of the community and his appearance, as required. Since Pimentel seeks to have the Court consider additional evidence, he is essentially requesting that the detention hearing be reopened and therefore, must satisfy 18 U.S.C. § 3142(f). Section 3142(f) provides that the detention hearing may be reopened at any time prior to trial if the court finds that "information exists that was not known to the movant at the time of the hearing and that has a material bearing

---

[1] In holding that Pimentel is a risk of flight, the Court relied on the rebuttable presumption contained in 18 U.S.C. §3142(e), which applies in this case because Pimentel is charged with an offense under the Controlled Substances Act which provides for a maximum penalty of ten years or more incarceration.

2

on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community". *Id.*

## Additional Facts Proffered by Defendant

Pimentel proffered the following additional facts to support his request that the Court reconsider the issue of detention:

1. Jose Rivera will execute a $20,000 appearance and performance bond secured by a second mortgage on the equity in his residence in Maryland;

2. Agustina Regalado will execute a $20,000 appearance and performance bond secured by a mortgage on property located in Worcester MA;

3. A relative of Pimentel would serve as third-party custodian[2];

4. While Pimentel has been incarcerated, his girlfriend gave birth to their child, a daughter; and

5. The $27,192 which was found in a hidden compartment in the engine of a car which Pimentel was driving when pulled over by the Virginia State Police on March 15, 2011, was a combination of his money (which he won at Foxwoods or earned in connection with promoting a show) and money lent to him by relatives to purchase a car in North Carolina which he had found online (a restored Chevy Malibu). He had wrapped the money in duct tape and hidden it in the engine area in case it turned out that the sellers of the car were not legitimate and might try to rob him. According to Pimentel, the police told him that he could waive any claim to the money and be released, or claim the money and be arrested and charged with money laundering and be subject to possible investigation by the IRS. Pimentel waived any claim to the money.

## Whether The Evidence Proffered By Pimentel Was Unavailable At The Time Of the Original Detention Hearing

Arguably, all of these facts should have been known to the Defendant at the initial hearing on September 19, 2011, and/or the continued hearing on October 14, 2011. Nonetheless, I will give

---

[2]In his motion Pimentel had suggested that his cousin who lives in Worcester, Massachusetts would serve as third party-custodian. At the hearing, Pimentel also suggested his sister, mother or stepfather as alternative third party custodians (his sister, mother and stepfather live in Maryland and he would relocate there).

3

the Defendant the benefit of the doubt and find that the above information was not known to him at the time of the original hearings and I will reopen the detention hearing and consider the newly proffered facts and circumstances set forth above.

*Discussion of Whether Defendant's Continued Detention is Warranted*

I have previously found that the weight of the evidence against Pimentel is substantial, if not overwhelming. Because of the amount of heroin involved, Pimentel faces a statutory mandatory minimum sentence of five years. His guideline sentencing range is 78-97 months if he goes to trial; with acceptance of responsibility, he faces a guidelines sentencing range of 57-71 months.

Two relatives of Pimentel have each offered to post $20,000 in equity in property they own as security for both Pimentel's appearance as required and his compliance with all release conditions imposed by the Court. He has also proposed various relatives to serve as a third-party custodian.

As to risk of flight, I have previously found that independent of the rebuttable presumption, I do not find that Pimentel is a risk of flight and therefore, relied on the presumption to hold him on that ground. For the reasons set forth below, I am not convinced that the posting of security in the form suggested or appointment of a third-party custodian is sufficient to rebut the presumption that Pimentel is a risk of flight. At the same time, the Court and all parties essentially all agree that risk of flight is really not the issue-- the issue is whether Pimentel remains a danger to the community. Therefore, I will focus my discussion on whether Pimentel's continued detention is warranted on dangerousness grounds.

I have previously noted that a few months before his arrest Pimentel was stopped in a car in Virginia-- drugs dogs alerted on the car and a substantial amount of money ($27,192) was found hidden in the car. I found that given that the money was found wrapped in duct tape and hidden in

the engine compartment, it is unlikely to have come from a legitimate source. At the hearing on Pimentel's motion for reconsideration, his counsel proffered the facts noted above-- apparently this is information counsel received from his client and/or family members. Frankly, the supposed justification for the money and how and why it was found wrapped in duct tape in a hidden compartment in the engine area is so incredulous that it actually strengthens the inference that the money was illegitimate. This conclusion is further bolstered by the fact that the car Pimentel was driving in Virginia when stopped was registered to a William Perez. On the day that he was arrested in this case, Pimentel arrived at the residence in Webster, MA where the transaction with the cooperating witness ("CW") was to take place in a car registered to William Perez. That car had a hide in it that was open and the evidence is quite strong that Pimentel retrieved the heroin from the hide and brought it into the residence and gave to the CW. The newly proffered "facts" do not change the Court's determination that Pimentel is a danger to the community.

Pimentel's counsel argues that even if the Court finds that Pimentel is a danger to the community, there are conditions that could be imposed which would guarantee the safety of the community-- Pimentel's motion includes his proposed conditions. Furthermore, Pimentel argues that his compliance with the proposed conditions would be assured because two relatives are willing to post security to guarantee both his appearance and performance. However, it appears that the only equity available in each of the properties is about or a little more than $20,000. Putting aside the fact of whether the Government would seek to foreclose on a relative's property to recover $20,000 if Pimentel violates his conditions of release, the reality is that under such circumstances, the Government, which would hold a second mortgage, could never expect to recover $20,000 in a foreclosure proceeding-- indeed, it is unlikely the Government would recover anything. This is

5

a reality that surely is readily apparent to not only the Government, but also the Defendant and the proposed sureties. Therefore, although the Court is convinced of the sureties best intentions, the Court does not believe that the posting of security in this case, under these circumstances, would be sufficient to guarantee that Pimentel would abide by his conditions of release. Furthermore, Pimentel's proposal of a third party custodian who live either in Worcester, MA (close to the nexus of his illegal activity) or Maryland (where other than his family he does not appear to have any ties and which as counsel noted, because of his children and in particular, newest child, would not be his preferred area to reside) is also insufficient to convince the Court that Pimentel would not be a danger to the community.

## Conclusion

Jose Pimentel's Motion To Reconsider Order of Detention (Docket No. 29) is *denied*.

/s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE